| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br>Luc A. Despins, Chapter 11 Trustee | DEFENDANTS<br>Greenwich Land, LLC and Hing Chi Ngok |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>Paul Hastings LLP (c/o Douglass Barron), 200 Park Avenue<br>New York, New York 10166, douglassbarron@paulhastings.com | ATTORNEYS (If Known)<br>Updike, Kelly & Spellacy, P.C. (c/o Evan S. Goldstein), 3225<br>Asylum Street - 20th Floor, Hartford, CT  06103,<br>egoldstein@uks.com |

| PARTY (Check One Box Only)<br>☐ Debtor      ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☒ Trustee | PARTY (Check One Box Only)<br>☐ Debtor      ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☒ Other<br>☐ Trustee |
|---|---|

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

First Claim, an order declaring that: at all times Greenwich Land was an alter ego of the Debtor and ordering the turnover of any and all of Greenwich Land's assets to the Trustee; Second Claim, an order declaring that the membership interest in Greenwich Land purportedly held by the Defendant Ngok to be property of the Debtor's chapter 11 estate and ordering the surrender of such membership interest and all related rights of corporate control, to the Trustee.

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation,<br>    actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation<br>    (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☒ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court<br>    if unrelated to bankruptcy case)

| ☒ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand  $ |

Other Relief Sought

Declaratory relief pursuant to 541, 542, and 544 of the Bankruptcy Code

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Ho Wan Kwok | BANKRUPTCY CASE NO.<br>22-50073 (JAM) | |
| DISTRICT IN WHICH CASE IS PENDING<br>Connecticut | DIVISION OFFICE<br>Bridgeport | NAME OF JUDGE<br>Manning, J. |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>/s/ Douglass Barron | | |
| DATE<br>Mar. 27, 2023 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Douglass Barron | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located.  Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate.  There also may be lawsuits concerning the debtor's discharge.  If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF).  (CM/ECF captures the information on form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding.  The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court.  The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney).  A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.**  Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.**  Give the names and addresses of the attorneys, if known.

**Party**.  Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.**  Enter the dollar amount being demanded in the complaint.

**Signature.**  This cover sheet must be signed by the attorney of record in the box on the second page of the form.  If the plaintiff is represented by a law firm, a member of the firm must sign.  If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

-------------------------------------------------------x
                              :

In re:                            :    Chapter 11
                              :

HO WAN KWOK, *et al.*,[1]     :    Case No. 22-50073 (JAM)
                              :

              Debtors.    :    (Jointly Administered)
                              :

-------------------------------------------------------x
                              :

LUC A. DESPINS, CHAPTER 11  :
TRUSTEE,                 :
                              :    Adv. Proceeding No. [_____]
             Plaintiff,   :
v.                         :
                              :

GREENWICH LAND, LLC and    :    March 27, 2023
HING CHI NGOK,          :
                              :

             Defendants.  :
                              :

-------------------------------------------------------x

**COMPLAINT OF CHAPTER 11 TRUSTEE FOR ESTATE OF**
**HO WAN KWOK SEEKING (I) DECLARATORY JUDGMENT THAT GREENWICH**
**LAND LLC IS ALTER EGO OF DEBTOR, AND (II) RELATED RELIEF**

Luc A. Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed in the

chapter 11 case (the "Chapter 11 Case") of Ho Wan Kwok (the "Debtor" or "Kwok"), files this

adversary complaint (the "Complaint") against defendant Greenwich Land, LLC ("Greenwich

Land"), stating as follows:

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

## NATURE OF ACTION

1.        The Trustee commences this adversary proceeding to remedy another of the Debtor's attempts to use a shell company under his control, while nominally held by a family member, to keep one of his valuable assets out of the reach of creditors.

2.        The shell company here is Greenwich Land, the family member, Hing Chi Ngok, the Debtor's wife[2] and Greenwich Land's purported owner.  The valuable property includes the Debtor's residence in Greenwich, Connecticut, purchased in 2020 for $4.6 million.

3.        As will be discussed herein, Greenwich Land is the Debtor's alter ego or, in the alternative, is equitably owned by, the Debtor.  In either case, its assets or the value of such assets should be brought into the Debtor's chapter 11 estates.  Among other things, Greenwich Land was managed by the Debtor's agents and/or employees, and was funded by the Debtor's other shell companies.  Greenwich Land even shares a New York City address at 162 E 64th St. with the Debtor and his other shell companies.  The Debtor uses Greenwich Land's asset, the Taconic Road Property, as his residence, and Greenwich Land pays the Debtor's associated residential expenses.   Moreover, it was the Debtor who orchestrated and controlled Greenwich Land's real estate transactions, not Defendant Ngok, who testified at her deposition that, despite being the sole purported member of Greenwich Land, she knew nothing about Greenwich Land, its assets, or its operations.

4.        The Trustee is therefore entitled to a ruling that Greenwich Land's assets, and/or Greenwich Land itself, belong to the chapter 11 estate and should be turned over to the Trustee.

---

[2]        While this complaint refers to Defendant Ngok as the Debtor's wife, the Debtor has disclosed that there is no marriage certificate documenting the relationship, and the Trustee reserves his rights to contest the couple's status in connection with assertions of marital privilege or other issues.  *See* Global Notes and Statements of Limitations, Methodology, and Disclaimers Regarding the Debtor's Schedules of Assets and Liabilities and Statement of Financial Affairs, (March 9, 2022) Docket No. 77 ("SOFA") at 11.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §1334(b).

6.      This adversary proceeding has been referred to this Court pursuant to 28 U.S.C. §157(a).

## THE PARTIES

7.      The Trustee is the chapter 11 trustee in the Chapter 11 Case pursuant to the Court's order entered on July 8, 2022 [Main Case Docket No. 523].

8.      Greenwich Land is a Delaware limited liability company with an address at 162 East 64th Street, New York, New York 10065.

9.      Hing Chi Ngok ("Defendant Ngok") is the Debtor's wife and the purported sole member of Greenwich Land.

## FACTS

### A.  Debtor's Prolific Use of Shell Companies

10.     As discussed further below, numerous facts establish that Greenwich Land is an alter ego of (or equitably owned by) the Debtor and used by the Debtor to shield his multi-million dollar residence in Greenwich, Connecticut (the "Taconic Road Property") from creditors.

11.     The Debtor's control over Greenwich Land is part and parcel of the Debtor's prolific use of shell companies purportedly owned by family members or business subordinates to shield his assets and activities from creditors.  The Debtor's shell game has allowed him to continue to deny ownership of assets, refuse to pay debts, and—until his recent arrest by the FBI—live a life of luxury.

3

12. Among other examples, shell companies purportedly owned by the Debtor's son (Lamp Capital LLC and Golden Spring (New York) Ltd.) have paid his living expenses and legal fees, a shell company purportedly owned by the Debtor's daughter (Hong Kong International Investments (USA) Limited) has held title to the Debtor's yacht,[3] and another shell company purportedly owned by the Debtor's daughter (Whitecroft Shore Limited) has held title to the Debtor's private jet.[4] Meanwhile, the Debtor claims that his apartment at the Sherry Netherland Hotel is held in trust for the benefit of yet another shell company purportedly owned by his son (Bravo Luck Limited).[5] The Debtor also controls numerous other entities, including, among many others, Rule of Law Foundation III, Inc. and Rule of Law Society IV, Inc. (purported non-profit entities founded by the Debtor),[6] Hudson Diamond Holding LLC and its subsidiary Hudson Diamond NY LLC (purportedly owned by the Debtor's daughter),[7] and Leading Shine NY Limited (purportedly owned by Yvette Wang).[8]

13. This Court has already found that numerous purportedly independent entities and organizations involved in the Debtor's recent social media and protest campaign against PAX

---

[3] The Trustee has sought an alter ego judgment against this entity in adversary proceeding 22-05003, in connection with which the Court recently entered a prejudgment remedy and preliminary injunction orders against Hong Kong International Investments (USA) Limited and Mei Guo. *See* Order Granting Trustee's Application for Prejudgment Remedy (Adv. Proc. No. 22-05003, Docket No. 140); Order Granting Trustee's Motion for Preliminary Injunction (Adv. Proc. No, 22-05003, Docket No. 142).

[4] *See* Ex. 1 Mei Guo Dep. Tr. at 68:16-24, 74:12-19 ("Q. Do any of the companies that you control have as an asset an airplane? . . . A.· ·It has happened. . . . Q. And you don't recall which of your entities held that plane . . . ? A. I can't remember the full name.· I think it's probably Whitcraft."); Ex. 2, Whitecroft Shore Limited Register of Members; *Declaration of Mei Guo in Response to Contempt & Sanctions Order*, ¶ 56 (Docket No. 1543). At her deposition in January 2023, Mei Guo stated that the airplane had been sold for $10 million, which funds were being held for her by a third party whose name she did not know. *See* Ex. 1 Mei Guo Dep. Tr. at 71:12-73:9.

[5] The Trustee has challenged Bravo Luck Limited's asserted interest in the Sherry Netherland apartment in his *Amended Adversary Complaint Against Bravo Luck And Qiang Guo Seeking (I) Invalidation Of Purported Trust Agreement In Favor Of Bravo Luck And, (II) In Alternative, Ruling That Debtor Effectuated Fraudulent Transfer In Favor Of Bravo Luck And Qiang Guo Pursuant To Section 276 Of New York Debtor And Creditor Law, Made Applicable By Section 544 Of Bankruptcy Code* (Adv. Proc. No. 22-05027, Docket No. 40).

[6] *Corrected Memorandum of Decision Granting In Part Motion for Preliminary Injunction*, ¶ 1 (Adv. Proc. No. 22-05032, Docket No. 133) (the "PI Decision").s

[7]

[8]

4

and the Trustee were controlled by the Debtor,[9] lead by the Debtor,[10] or served "the purposes of . . . and as business vehicles of" the Debtor.[11]  This Court separately found, in its order holding the Debtor in contempt for violating the Court's corporate governance order, that the Debtor was the beneficial owner of Ace Decade Limited (and, through it, Dawn State Limited), and that the Debtor controlled and employed Ace Decade Limited's nominee owner, Yvette Wang.[12]

14.     Similarly, immediately prior to the filing of the Debtor's chapter 11 case in February 2022, in the Debtor's pre-petition litigation against Pacific Alliance Asia Opportunities Fund ("PAX") in New York state court (the "State Court Action"), Justice Ostrager found that it was the Debtor's practice to use shell companies to shield his assets from creditors.[13]  Justice Ostrager also found that the Lady May yacht was beneficially owned and controlled by the Debtor, despite title to the yacht being formally held by Hong Kong International Funds Investments (USA) Limited, purportedly owned by the Debtor's daughter.

15.     Previously, Judge Liman of the United States District Court for the Southern District of New York found, in a decision issued in 2021, that Eastern Profit Corporation Limited, another company purportedly held by the Debtor's daughter, was "in essence, a shell corporation" for the Debtor.[14]  Eastern Profit Corporation Limited was one of numerous entities whose financial accounts were identified by a 2018 Hong Kong court order to be "subject to the effective control" of the Debtor.[15]

---

[9]     PI Decision, ¶ 3 ("The Debtor also controls Saraca Media Group and a related entity 'GTV'").

[10]    PI Decision ¶ 7 ("The Debtor is the leader of The Whistleblower Movement, NFSC, ROLF, and Himalaya.").

[11]    *Id.* ("The Whistleblower Movement, NFSC, ROLF, GSeries, and Himalaya serve the purposes of the Debtor, serve as business vehicles for the Debtor, and their members are personally loyal to the Debtor.").

[12]    Order Granting Motion to Hold Debtor in Contempt of Corporate Governance Order, ¶¶ 1,4 (Docket No. 1372) ("Corp. Governance Contempt Order").

[13]    Ex. 5, February 9, 2022 Decision and Order, at 1, *PAX v. Kwok*, Index No. 652077/2017 (N.Y. Sup. Ct.), NYSCEF Doc. No. 1181 (the "Final Contempt Decision").

[14]    *Eastern Profit Corp. Ltd. v. Strategic Vision US LLC*, No. 18-CV-2185 (LJL), 2021 WL 2554631 at *1.

[15]    Ex. 6, Hong Kong Restraint Order, pp 7-18.

16.     Relatedly, a confidential witness declaration filed by the Trustee under seal at Docket No. 1327 and incorporated by reference as an exhibit in support of this Complaint, establishes, among other things █████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

███████

17.     Most recently, on March 15, 2023, the Debtor was arrested in connection with multiple charges of securities fraud, wire fraud, and money laundering.[16]  The related criminal indictment filed by the Unites States Attorney against the Debtor (the "Criminal Indictment") states that the Debtor was "the leader of, and directed"[17] a scheme in which, among other things, the Debtor and his co-defendant William Je transferred money "into and through more than approximately 500 accounts held in the names of at least 80 different entities or individuals."[18] The Criminal Indictment identifies some of the entities and organizations used in the scheme, such as "GTV, GCLUBS, GMUSIC, GFASHION, and the Himalaya Exchange" as "instrumentalities" used to perpetuate fraud and exploit the Debtor's followers, allowing the Debtor and Je to "enrich themselves, their family members and their co-conspirators, and to fund [the Debtor's] extravagant lifestyle."[19]  For example, the Criminal Indictment states that G-Club

---

[16]    See Ex. 7, Criminal Indictment of Ho Wan Kwok, filed Mar. 6, 2023.  (A related criminal complaint was also filed separately against the Debtor's employee, Yvette Wang, based on her participation in the Debtor's criminal scheme. Wang has been charged with wire fraud, securities fraud, conspiracy to commit wire fraud and securities fraud, and the making of an unlawful transaction.)  See Ex. 8, Complaint against Yanping Wang a/k/a/ "Yvette", filed March 10, 2023 (the "Criminal Complaint").
[17]    Criminal Indictment ¶ 6.
[18]    Id. ¶ 3.
[19]    Id. ¶ 2.

funds were used to purchase for the Debtor, among other things, a $26.5 million mansion in New Jersey (along with $13 million of related renovations and furnishings).[20] In addition, paragraph 13.e.ii of the Criminal Indictment states that approximately $5 million in the proceeds of fraudulently solicited loans from members of the Debtor's Himalaya Farm organizations were transferred to an entity "owned by [the Debtor's] spouse."[21] That entity is, upon information and belief, Greenwich Land.[22]

18.      In sum, while this Complaint focuses on Greenwich Land, and the Trustee does not yet seek relief against other entities, the Trustee believes that context regarding the Debtor's wide-ranging strategy of using shell companies to shield assets from creditors will assist the Court in understanding the Trustee's position with respect to Greenwich Land.  Of course, the Trustee also expressly reserves his rights to pursue actions asserting claims against each of those other entities at the appropriate time.

### B.  Formation of Greenwich Land with Assistance of Debtor's Counsel

19.      Greenwich Land was formed on July 3, 2019.



20.      In addition to its work with respect to Greenwich Land, Hodgson Russ was counsel to the Debtor, his family members, his close associates, and his shell companies in connection with numerous matters, including, among others: [24]

---

[20]   *Id.* ¶ 15.
[21]   *Id.* ¶ 13.e.ii.
[22]   The Criminal Complaint also discusses the efforts to which the Debtor and his accomplices will go in order to move assets out of the reach of law enforcement authorities, detailing an unsuccessful attempt by the Debtor's accomplice, William Je, to move $46 million from the United States to the United Arab Emirates to keep these funds outside of the reach of federal law enforcement.  *Id.* ¶ 23.
[23]
[24]



**C. Greenwich Land Managed by the Debtor's Employees and/or Agents**

21.     According to the Greenwich Land corporate documents, only three individuals other than Defendant Ngok have served as officers of Greenwich Land—Yvette Wang, Max Krasner, and Daniel Podhaskie.  Each of these individuals was, at all relevant times, an employee and/or agent of the Debtor.

    a.  **Yvette Wang:** The Court has already ruled that "[t]he Debtor has control over Ms. Wang" and that he "has employed Yvette Wang for several years, and has directed her to take actions on his behalf, including directing her to act on his behalf to purchase properties such as the Sherry-Netherland apartment."[25]  Ms. Wang has served the Debtor in numerous other roles, including as an officer and/or authorized signatory of Golden

---

[25]     Order Granting Motion to Hold Debtor in Contempt of Corporate Governance Order ¶ 4 [Docket No. 1372].

Spring, Hudson Diamond Holding LLC, Hudson Diamond NY LLC,

Leading Shine NY Limited, Saraca Media Group, Inc., GTV Media

Group, Inc., and Genever Holdings LLC.[26]  On March 15, 2023, Ms.

Wang was arrested in connection with charges that she had, among other

things, conspired with the Debtor to commit wire fraud and securities

fraud.  On the same day, Magistrate Judge Parker ordered Ms. Wang to be

subject to home detention and that she have no contact with the Debtor or

other co-conspirators outside presence of counsel.[27]

b. **Max Krasner**:  Mr. Krasner is an employee of Golden Spring who has

also served the Debtor in numerous other roles, including as officer and/or

authorized signatory of Hudson Diamond Holdings LLC, Hudson

Diamond NY LLC, Infinity Treasury Management Inc. (parent company

of Lamp Capital LLC), and Rule of Law Foundation.[28]

---

[26]  Ex. 11, May 15, 2018 Affidavit of Yan Ping Wang in *PAX v. Kwok*, Index No. 652077/2017 (N.Y. Sup. Ct.) (ECF 182) at ¶ 1. ("I am the President of Golden Spring (New York) Ltd., and in that capacity serve as an administrator for the interests of [the Debtor] and his family."); Ex. 12, Hudson Diamond Holding LLC, Consent of Sole Member Without a Meeting, dated July 17, 2019 (rendering Ms. Wang signatory) (HR0010121); Ex. 13, Hudson Diamond Holdings LLC, Consent of Sole Member Without a Meeting, (HR0020577); Ex. 14, Hudson Diamond NY LLC, Consent of Sole Member Without a Meeting, (HR0039240); ████████████████ Ex. 15, Himalaya Coin Certificate of Assumed Name, dated March 14, 2020; Ex. 16, Himalaya Dollar Certificate of Assumed Name, dated March 14, 2020; Criminal Complaint ¶ 9a ("Wang was an Executive Director of GTV"); *Debtor's Declaration Pursuant to Local Bankruptcy Rule 1007-2* ¶ 1, *In re Genever Holdings LLC*, Case No. 22-50592-JAM (Bankr. Conn.) (Docket No. 1).

[27]  Ex. 17, Wang Criminal Case, Docket No. 3.

[28]  Ex. 12, Hudson Diamond Holding LLC, Consent of Sole Member Without a Meeting, dated July 17, 2019 (reflecting Mr. Krasner as the vice president) (HR0010135); Ex. 18, Hudson Diamond NY LLC, Consent of Sole Member Without a Meeting, dated July 17, 2019 (HR0010171); Ex. 19, GTV Media Group Cert. of Incorporation, dated April 17, 2020; Ex. 20, Limited Liability Company Agreement of Lamp Capital, LLC, dated September 8, 2020; Ex. 21, CHAR 500 Form of Rule of Law Foundation (Form 990, Page 7, listing Max Krasner as "President, Treasurer, Director").

9

c. **Daniel Podhaskie**. Mr. Podhaskie was formerly the Debtor's personal attorney, as well as general counsel to Golden Spring and corporate representative of Genever Holdings LLC and Genever Holdings Corporation.[29] In addition, Mr. Podhaskie served the Debtor in numerous other roles, including as officer and/or authorized signatory for Lamp Capital LLC, Infinity Treasury Management Inc. (parent company of Lamp Capital LLC), Hudson Diamond Holdings LLC, and Hudson Diamond NY LLC.[30]

22.     Below is a chart showing the tenure and position of Defendant Ngok, Ms. Wang, Mr. Krasner, and Mr. Podhaskie as Greenwich Land officers, as reflected in the Greenwich Land corporate documents reviewed by the Trustee's counsel:

| Individual | Position | Tenure |
|---|---|---|
| Defendant Ngok | President | 7/3/19 – 7/26/22 |
| Yvette Wang | Vice President | 7/3/19 – 9/9/20; 1/19/21 – 7/26/22 |
| Yvette Wang | Signing Officer | 7/11/19-9/9/20; 1/19/21 – 7/26/22 |
| Daniel Podhaskie | Vice President | 9/9/20 – 1/19/21 |
| Daniel Podhaskie | Signing Officer | 9/9/20 – 1/19/21 |
| Max Krasner | Vice President | 7/11/19 – 11/5/22 |

---

[29]   *See, e.g.*, Ex. 22, Tr. of Telephonic 341 Meeting of Creditors, dated April 6, 2022 at 79:2-3 (debtor stating that Podhaskie "used to be Golden Spring attorney and my personal attorney."); Ex. 23, Podhaskie Dep. Tr. at 8:8-9:1 (Podhaskie appearing as corporate representative of Genever Holdings LLC and Genever Holdings Corporation).

[30]   *See, e.g.*, Ex. 24, Application for Authority of Lamp Capital LLC, dated Sept. 11, 2020 filed with the State of New York (signed by Podhaskie); Ex. 20, Limited Liability Company Agreement of Lamp Capital, LLC, dated September 8, 2020; Ex. 25, Hudson Diamond Holdings LLC, Consent of Sole Member Without a Meeting (HR0039238); Ex. 26, Daniel Podhaskie resignation as President of Hudson Diamond Holding LLC (HR0039239); Ex. 14, Hudson Diamond NY LLC, Consent of Sole Member Without a Meeting, (HR0039240); Ex. 27, Daniel Podhaskie resignation as President of Hudson Diamond NY LLC (HR0039242);

23.     As shown above, on July 26, 2022, shortly after the appointment of the Trustee on July 8, 2022, both Defendant Ngok and Yvette Wang resigned from their positions at Greenwich Land, leaving Mr. Krasner as the only remaining officer.

24.     Subsequently, on November 5, 2022, Mr. Krasner resigned from his position at Greenwich Land. [31]   According to Greenwich Land's November 8, 2022 response to the Trustee's Rule 2004 subpoena, Mr. Krasner "served as the primary contact for Greenwich Land" and "is the sole officer of and sole custodian of records for Greenwich Land." [32]

25.     **Upon information and belief, Greenwich Land has had no officers or other personnel since Mr. Krasner's resignation on November 5, 2022**.

26.     The Trustee has attempted to serve Mr. Krasner with a subpoena at multiple locations, thus far, unsuccessfully, and believes that Mr. Krasner is avoiding service.

### D.  Defendant Ngok Not Involved In Management of Greenwich Land

27.     Defendant Ngok, though purportedly the sole member and owner of Greenwich Land and formerly Greenwich Land's president, has had no involvement in the management of Greenwich Land and has no knowledge regarding the company, its assets, or its operations. Among other things, at her deposition pursuant to Federal Rule of Bankruptcy Procedure 2004 ("Rule 2004"), Defendant Ngok testified that she:

---

[31]     Ex. 28, Greenwich Land, LLC's Objections and Responses to Subpoena for Rule 2004 Examination at 2.

[32]     *Id.*







**E. Greenwich Land Uses Same Address as Other Debtor Shell Companies**

28.     Greenwich Land uses 162 East 64th Street, New York, New York, as its address.[47]

29.     162 East 64th Street has been used as an address by the Debtor himself,[48] his

counsel Aaron Mitchell,[49] and a number of the Debtor's shell companies, including:

      a.  Golden Spring[50]

      b.  HK USA[51]

      c.  GTV Media Group, Inc.[52]

      d.  Saraca Media Group, Inc.[53]

      e.  Hudson Diamond Holding LLC[54]

      f.  Hudson Diamond NY LLC[55]

      g.  Rule of Law Foundation[56]

---

[46] ████████████████████

[47] *See, e.g.*, Ex. 31, Greenwich Land Employer Identification Number Application.

[48] Debtor's Bankruptcy Petition [Docket No. 1].

[49] Ex. 32, Consent to Change Attorney, *PAX v. Kwok*, Index No. 652077/2017 (N.Y. Sup. Ct.), NYSCEF Doc. No. 338.

[50] Debtor's Bankruptcy Petition [Docket No. 1].

[51] Ex. 33, Limited Liability Company Agreement of HK International Funds Investments (USA) Limited, LLC, dated April 1, 2019.

[52] Ex. 34, OpenGovNY New York State corporate registry search results registration search results for GTV Media Group Inc.

[53] Ex. 35, Saraca Media Group Inc. OpenGovNY New York State corporate registry search results.

[54] Ex. 36, Hudson Diamond NY LLC fact sheet from Hodgson Russ (showing 162 E 64th St. as LLC address).

[55] *Id.* (showing 162 E 64th St. as Hudson Diamond Holding address).

[56] Ex. 37, CHAR 500 Form of Rule of Law Society IV, Inc.

14

h.  Rule of Law Society[57]

███████████████████████████████████████████████████

███████████████████████████████████████████████████

### F.  **Debtor Orchestrated and Controlled Greenwich Land Transactions**

31.    Upon information and belief, Greenwich Land's principal assets since its formation have consisted of (i) the Ferncliff Road Property, purchased in September 2019 for $1.37 million and sold in April 2022, during the Debtor's chapter 11 case, for $2.2 million; and (ii) the Taconic Road Property, purchased in February 2020 for $4.6 million and still held by Greenwich Land as of the date of this Complaint.

32.    Evidence obtained by the Trustee in his investigation demonstrates that Greenwich Land's purchase and sale of the Ferncliff Road Property and Greenwich Land's purchase of the Taconic Road Property were orchestrated and controlled by the Debtor (and not Greenwich Land's purported owner, Defendant Ngok).

### a.  **Debtor Orchestrated and Controlled Purchase and Sale of Ferncliff Road Property**

33.    Greenwich Land's counsel in connection with the August 2019 purchase and April 2022 sale of the Ferncliff Road Property was the law firm of Whitman Breed Abbot & Morgan ("Whitman Breed").  The August 2019 retention letter regarding Whitman Breed's representation of Greenwich Land with respect to the purchase of the Ferncliff Road Property

---

[57]  Ex. 21, CHAR 500 Form of Rule of Law Foundation III, Inc.

[58]  ███████████████████████████████████████████████████

was signed by Max Krasner, on behalf of the Debtor's shell company Golden Spring.[59]

Whitman Breed also represented Golden Spring and shell company Hudson Diamond NY LLC

in connection with certain other potential real estate purchases that did not close.

34.    The Whitman Breed attorney handling these matters, Margaret Conboy, testified

at her deposition pursuant to Bankruptcy Rule 2004 that, among other things, she understood her

real client, and the individual making decisions in connection with these real property

transactions, to be the Debtor.

35.    More particularly, Ms. Conboy testified, among other things, that:

a.    She never spoke to, does not know the name of, and has never had any

communications with Defendant Ngok, and she is not aware of ever

having been given instructions from someone else on behalf of Defendant

Ngok.[60]

b.    She referred to the Debtor as her client.[61]

c.    She was advised periodically that the Debtor was the individual making

the decisions with respect to property transactions.[62]

---

[59]    Ex. 38, Letter regarding Whitman Breed's representation of Greenwich Land, dated Aug. 16, 2019.  Golden
Spring's role was described by Yvette Wang in July 2019 as follows: "Golden Spring NY Ltd, as a family
office based in Manhattan, we take care of Miles' and his family's business, projects and assets in the US."  Ex.
39, Email from Yvette Wang, dated July 11, 2019.

[60]    *See* Ex. 40, Tr. Conboy Deposition Feb. 21, 2023 at 79:13-80:3 ("Q.· · Did you ever speak with Mrs. Kwok?
A.· · No. Q.· · Do you know the name of Mr. Kwok's wife? A.· · I have no idea, no. Q.· · Have you ever had
any communications with her? A.· · No.").

[61]    *See id.* at 21:15-23 (referencing an email from Conboy to Kevin Walsh, Q: "You start off:  'Kevin, my client,
the Chinese billionaire.' Is that a reference to your client being Mr. Kwok?" A: "Yeah"); *id.* at 21:24-22:7 (Q:
"[T]hen you go on, you say 'the seller accepted his offer of $35 million. And then, furthermore, he is meeting
with architects. He has an idea of what is involved in building on the parcel.' The "he" and the "his" there are
Mr. Kwok, correct?" A: "Yes"). Conboy alleges she learned that the Debtor was a billionaire of Chinese descent
through Google. *Id.* at 16:19-25.

[62]    *See id.* at 55:15-18 (Q: "So to be clear, you were advised periodically that Mr. Kwok was making decisions with
regard to properties, correct?" A: "Correct.").

d.   She was never told that any other individual apart from the Debtor was making decisions with respect to property transactions.[63]

e.   She understood the Debtor to be the relevant individual accepting and/or making offers in connection with property transactions. [64]

f.   In her representation of Greenwich Land (as well as Golden Spring and Hudson Diamond NY LLC), the only individual she dealt with was Max Krasner,[65] whom she understood to be working on behalf of the Debtor.[66]

36.   In addition to the above, the key transaction documents related to the purchase and sale of the Ferncliff Road Property were signed on behalf of Greenwich Land by Mr. Krasner, whom Ms. Conboy understood to be working on the Debtor's behalf.

### b.   Debtor Orchestrated and Controlled Purchase of Taconic Road Property

37.   Whitman Breed did not represent Greenwich Land in connection with the purchase of the Taconic Road Property due to a conflict.  Whitman Breed represented the sellers of the property.  Greenwich Land was represented with respect to this transaction by another law firm.

---

[63]   *See* Ex. 40, Tr. Conboy Deposition Feb. 21, 2023 at 87:25-88:12 (Q: "Were you ever told that there was any decision maker other than Mr. Kwok in connection with real estate transactions related to the work you were doing for Golden Spring, Greenwich Land, or Hudson Diamond?" A: "I was never told who was making the decisions on any of them . . . except in the e-mails, whatever was sent to me, but that was it." Q: "And in those e-mails, the only person referenced was Miles Kwok, correct?" A: "Correct").

[64]   *See id.* at 35-36:24-3 (Q: "Did Mr. Kwok ever become interested in potentially purchasing a property at 32 Chateau Ridge?" A: "Yes."); *id.* at 36:4-12 (Q: "What do you recall about [Chateau Ridge] and that attempted purchase?" A: "I recall that he put in an offer. The offer was accepted. We did our normal due diligence, and he -- he never signed a contract. We were working on a contract and he never signed the contract -- well, not he but the LLC never signed the contract and so nothing came -- it was never purchased.").

[65]   *See id.* at 48:8-10.

[66]   *See id.* at 16:8-10 (Q: "Did you understand that Mr. Krasner was working on behalf of Mr. Kwok?" A: "Yes, and the family.").

17

38.     Regardless, the evidence makes clear that the Debtor also orchestrated and controlled Greenwich Land's purchase of the Taconic Road Property.

39.     First, though Ms. Conboy did not represent Greenwich Land in this transaction, her testimony regarding Greenwich Land is still relevant—she testified that the Debtor was the only decision-maker she was aware of with respect to Greenwich Land (as well as Golden Spring and Hudson Diamond NY LLC), meaning, by extension, he was the decision-maker with respect to Greenwich Land's purchase of the Ferncliff Road Property.

40.     As with the Ferncliff Road Property, the key transaction documents with respect to the purchase of the Taconic Road Property were all signed by Max Krasner, the Debtor's agent and/or employee.

41.     Moreover, Greenwich Land's real estate broker in connection with the purchase of the Taconic Road Property, Emile DeNeree stated in an August 2020 email to Ms. Whitman and Mr. Krasner that the Taconic Road Residence was "***bought by Miles*** [i.e., the Debtor] ***under Greenwich Land***." [67]   In other words, Greenwich Land was nothing more than a vehicle for the Debtor to buy Connecticut real estate.  The Trustee fully expects to obtain corroborating testimony in connection with this adversary proceeding.

### G.   Greenwich Land and Its Properties Funded by Other Debtor Shell Companies

42.     Upon information and belief, Greenwich Land produces no income of its own, and Greenwich Land has at all times been funded by other Debtor shell companies, including with respect to its purchases of real property.

---

[67]   *See* Ex. 41, Email from Emile DeNeree, dated Aug. 19, 2020 ("the sellers for 373 Taconic which was bought by Miles under Greenwich Land.") [WBAM_001017]; Ex. 40, Tr. Conboy Deposition Feb. 21, 2023 at 85:17-22 (Q: "as the broker for the buyer, he's telling you that the house was bought by Mr. Kwok under the name of Greenwich Land, correct?" A: "Right").



44.    Upon information and belief, Greenwich Land's purchases of the Ferncliff Road Property and the Taconic Road Property were funded by transfers of funds to Greenwich Land from Debtor shell companies.



46.     According to paragraph 13.e.ii of the Criminal Indictment, approximately $5 million in the proceeds of fraudulently solicited loans from members of the Debtor's Himalaya Farm organizations were transferred to an entity "owned by [the Debtor's] spouse."[72]  Upon information and belief, the entity referenced in paragraph 13.e.ii of the Criminal Indictment is Greenwich Land.

### H.  Debtor Uses Greenwich Land's Asset As His Residence

47.     Upon information and belief, the Taconic Road Property is Greenwich Land's principal asset following the April 2022 sale of the Ferncliff Road Property.

48.     The Debtor uses the Taconic Road Property as his residence.

49.     The Debtor has declared to this Court: "I currently reside in Greenwich, Connecticut, at 373 Taconic Road, with my wife of 37 years, Hing Chi Ngok.  We moved from an apartment at the Sherry-Netherland in New York to the current address in Connecticut in March 2020."[73]

### I.  Greenwich Land Pays Debtor's Residential Expenses

50.     The Debtor has used Greenwich Land to pay expenses associated with his residence at the Taconic Road Property.  For example, Greenwich Land paid for the Taconic Road Property's insurance,[74] utilities,[75] repairs and maintenance,[76] expenses that the Debtor took into account when disclosing third party payments made for his benefit in his monthly operating

---

[72]  Ex. 7, Criminal Indictment ¶ 13.e.ii.
[73]  *Declaration of Mr. Ho Wan Kwok in Support of the Chapter 11 Case and Certain Motions* ¶ 6 [Docket No. 107].
[74]  Ex. 46, Expenses Paid on Behalf of Ho Wan Kwok for the Period of March 1, 2022 - March 31, 2022, at PDF 6 ($28,275.29 payment to Erich Courant & Co).
[75]  *Id.* at PDF 21 ($4,122.14 to Gault Energy).
[76]  *Id.* at PDF 18 (multiple payments to Roto-Rooter, Terminix, etc.).

reports filed with the Court. Greenwich Land made these payments from its own bank account or accounts, as well as from a Lamp Capital "Greenwich Land Sub Account."[77]

**J.  Debtor Has Used Greenwich Land to Shield Assets from Creditors**

51.     As the Court is aware, the Debtor has claimed that he has *de minimis* assets and that he does not own, directly or indirectly, any of the luxurious residences in which he spends his time, including the Taconic Road Property. By claiming not to own the house in which he resides (and which he used to justify the commencement of his chapter 11 case in this district), the Debtor intended that that its value not be included in his chapter 11 estate.

52.     Similarly, the Debtor also used Greenwich Land to shield the Ferncliff Road Property and its sale proceeds from creditors. The Debtor did not disclose Greenwich Land's ownership of the Ferncliff Road Property, or the sale of the property for $2.2 million in April 2022 (while the Debtor was in chapter 11). **Moreover, the Ferncliff Road Property sale occurred despite the fact that Greenwich Land remained subject to a restraining notice, served by PAX on May 10, 2022 in connection with the State Court Action, which notified Greenwich Land, among other things, that "we understand [the Debtor] may have direct, indirect, or beneficial ownership in, or the right or ability to direct or control, you and your assets," and that "you are hereby forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any property in which [the Debtor] has an interest, except as provided in [New York Civil Practice Law and Rules] § 5222(b)."[78]**

---

[77]  *Id.* at PDF 6 (listing payment type as "ACH Debit from Lamp Capital (Greenwich Land Sub Account)").
[78]  Ex. 47, Restraining Notice and Affidavit of Service.

[REDACTED]

### K. Debtor Pleads Fifth Amendment

54.     On March 2, 2023, the Debtor was deposed in connection with the adversary proceeding styled *HK International Funds Investment (USA) Limited, LLC v. Ho Wan Kwok*, Adv. Proc. 22-05003.  When asked whether he was the beneficial owner and controller of Greenwich Land, the Debtor pled his Fifth Amendment right against self-incrimination.[80]  The Debtor also pled Fifth Amendment protection when asked whether the actions of Greenwich Land were taken at his direction.[81]

### L. Other Alter Ego Characteristics of HK USA

55.     Greenwich Land is the alter ego of the Debtor, as evidenced by the following characteristics, among others:

  a.   Greenwich Land has no business other than holding the Taconic Road Property, and all its funds are derived from other Debtor shell companies.

  b.   Greenwich Land has no directors, officers, or employees, (and even in the past when it had officers, these were employees and/or agents of the Debtor).

---

[79]   [REDACTED]

[80]   Ex. 48, Tr. Kwok Deposition Mar. 2, 2023 at 96:17-20 (Q: "Mr. Kwok, I'm going to ask you again, you are the beneficial owner and control Greenwich Land LLC, correct?" A. "The Fifth").

[81]   *Id.* at 86-87:24-5  (Q: "Mr. Kwok, all actions taken by Daniel Podhaskie relating to Golden Spring, Leading Shine Limited, Saraca Media Group, Greenwich Land, LLC, Rule of Law Society, and the Sherry-Netherland apartment were all taken at your direction, correct?" A: "The Fifth").

c.  Upon information and belief Greenwich Land files no tax returns (it did not produced any tax returns to the Trustee), █████████████████████████

██████████████████████████████████████████████

d.  Given its lack of any officers or representatives with any knowledge of the company, Greenwich Land cannot observe corporate formalities and its prior observance of certain formalities through the production of corporate resolutions was a façade given that Greenwich Land's officers were at all times all employees and/or agents of the Debtor.  Upon information and belief, Greenwich Land has kept no minutes of meetings discussing or recording its corporate affairs.

e.  The Debtor uses Greenwich Land's principal asset, the Taconic Road Property, as his residence.  Greenwich Land pays the Debtor's expenses in connection with residence there.

56.     The Debtor has wrongfully and unjustly used his alter ego relationship with Greenwich Land to, among other things, cause Greenwich Land to hold assets for the Debtor's use and benefit, while purporting to keep such assets outside the reach of the Debtor's creditors.

## FIRST CLAIM

**(Declaratory Judgment that Greenwich Land is the Debtor's Alter Ego and Ordering Turnover of Greenwich Land's Assets to Trustee)**

57.     The Trustee repeats and realleges the allegations contained in paragraph 1-56.

58.     Delaware law applies to the alter ego/veil piercing claim because Greenwich Land is a Delaware entity.[83]

---

[82]  ████████████████████████████████████████

[83]  *See e.g. Universitas Education, LLC v. Benistar*, 2021 WL 965794, at *7 (D. Conn. Mar. 15, 2021) ("[B]ecause [defendant] is incorporated in Delaware, I must apply Delaware law to decide if it may be subject to an alter ego claim for reverse veil piercing liability.").

59.     Under Delaware's two-pronged test for piercing the corporate veil, a court applying Delaware's alter ego analysis to the Debtor's relationship with Greenwich Land will focus on (1) whether the Debtor and Greenwich Land operated as a single economic unit and (2) whether there was an overall element of injustice or unfairness. In determining whether entities operated as a single economic unit, a court applying Delaware law would consider a number of factors, including, among others, whether Greenwich Land was adequately capitalized, observed corporate formalities, and was a facade for the Debtor.[84] This "list of factors is not exhaustive and no single factor is dispositive."[85]

60.     The Debtor exercised control and dominion over Greenwich Land such that Greenwich Land had no independent existence from the Debtor and the Debtor used the corporate form to perpetrate a fraud and injustice.  Greenwich Land is an alter ego of the Debtor, because, among other reasons:

  a.  Greenwich Land was managed by the Debtor's agents and/or employees, who comprised, with Defendant Ngok, all the officers of Greenwich Land (which currently has no officers at all).

  b.  The purported owner of Greenwich Land, Defendant Ngok, knows nothing about Greenwich Land and was never meaningfully involved in its affairs.

---

[84]  *Blair v. Infineon Tech., AG*, 720 F. Supp.2d 462, 470-71 (D. Del. 2010) (Noting the factors that the Third Circuit considers in determining whether a corporation operated as a single economic entity, which notably would not include whether the relevant individual is a shareholder of the entity, but would include "gross undercapitalization; failure to observe corporate formalities . . . [and] whether the corporation is merely a facade.").

[85]  *Id.* at 471.

      c.  Greenwich Land uses the same address as the Debtor and his other shell companies.

      d.  Greenwich Land and its assets were funded by other Debtor shell companies.

      e.  The Debtor was the decision-maker directing Greenwich Land's purchases and sales of real estate, as recognized by the attorneys and brokers working on such transactions, who took direction from the Debtor through his agent and/or employee Max Krasner.

      f.  The Debtor uses Greenwich Land's principal asset as his residence and Greenwich Land pays the Debtor's expenses in connection with his residence there.

61.    At all relevant times, the Debtor was indebted to one or more creditors.  Such creditors could have pursued the relief sought herein by the Trustee in exercise of such creditors' rights.

62.    Accordingly, the Trustee seeks a ruling pursuant to sections 541, 542, and 544 of the Bankruptcy Code, (1) declaring that: (a) at all times Greenwich Land was an alter ego of the Debtor; (b) any and all of the assets held by Greenwich Land at any time prior to the Debtor's petition date of February 15, 2022 constituted property of the Debtor; and (c) any and all assets held by Greenwich Land at any time from the date of the Debtor's February 15, 2022 chapter 11 petition to the present constituted and constitute, as applicable, property of the Debtor's chapter 11 estate; and (2) ordering the turnover of any and all of Greenwich Land's assets to the Trustee.

## SECOND CLAIM

### (Declaratory Judgment that Debtor Is Equitable Owner of Greenwich Land and Ordering Turnover of Ownership of Greenwich Land to Trustee)

63.     The Trustee repeats and realleges the allegations contained in paragraphs 1-56.

64.     The same facts, discussed above, establishing that Greenwich Land is an alter ego of the Debtor, also support the conclusion that the Debtor is the equitable owner of Greenwich Land.[86]

65.     At all relevant times, the Debtor was indebted to one or more creditors.  Such creditors could have pursued the relief sought herein by the Trustee in exercise of such creditors' rights.

66.     Accordingly, the Trustee seeks a ruling, pursuant to sections 541, 542, and 544 of the Bankruptcy Code, (1) declaring that the membership interest in Greenwich Land purportedly held by Defendant Ngok is property of the Debtor's chapter 11 estate and (2) ordering the surrender of such membership interest and all related rights of corporate control, to the Trustee.

## PRAYER FOR RELIEF

WHEREFORE, for the foregoing reasons, the Trustee respectfully requests that judgment be entered as follows:

1.     On the First Claim, an order (1) declaring that: (a) at all times Greenwich Land was an alter ego of the Debtor; (b) any and all of the assets held by Greenwich Land at any time prior to the Debtor's petition date of February 15, 2022 constituted property of the Debtor; and (c) any and all assets held by Greenwich Land at any time from the date of the Debtor's February 15, 2022 chapter 11 petition to the present constituted and

---

[86]     *Freeman v. Complex Computing Co., Inc.*, 119 F.3d 1044, 1051 (2d Cir. 1997) (defendant that "exercised considerable authority over [the corporation] . . . to the point of completely disregarding the corporate form and ***acting as though [its] assets were his alone to manage.***") (emphasis added).

constitute, as applicable, property of the Debtor's chapter 11 estate; and (2) ordering the turnover of any and all of Greenwich Land's assets to the Trustee; and

2.      On the Second Claim, an order (1) declaring that the membership interest in Greenwich Land purportedly held by the Defendant Ngok is property of the Debtor's chapter 11 estate and (2) ordering the surrender of such membership interest and all related rights of corporate control, to the Trustee;

3.      Reasonable attorneys' fees, costs, and expenses incurred in this action; and

4.      Such other and further relief as the Court may deem just, proper, or equitable under the circumstances.

[*Remainder of Page Intentionally Left Blank*]

Dated:  March 27, 2023          LUC A. DESPINS
   New York, New York       CHAPTER 11 TRUSTEE

By: /s/ *Douglass Barron*
 Avram E. Luft (admitted *pro hac vice*)
 Douglass Barron (admitted *pro hac vice*)
 PAUL HASTINGS LLP
 200 Park Avenue
 New York, New York 10166
 (212) 318-6000
 aviluft@paulhastings.com
 douglassbarron@paulhastings.com

  *and*

 Nicholas A. Bassett (admitted *pro hac vice*)
 PAUL HASTINGS LLP
 2050 M Street NW
 Washington, D.C. 20036
 (202) 551-1902
 nicholasbassett@paulhastings.com

  *and*

 Douglas S. Skalka (ct00616)
 Patrick R. Linsey (ct29437)
 NEUBERT, PEPE & MONTEITH, P.C.
 195 Church Street, 13th Floor
 New Haven, Connecticut 06510
 (203) 781-2847
 dskalka@npmlaw.com
 plinsey@npmlaw.com

 *Counsel for the Chapter 11 Trustee*

28