**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| HO WAN KWOK, *et al.*, | : | Case No. 22-50073 (JAM) |
| Debtors. | : | |
| | | |
| LUC A. DESPINS, CHAPTER 11 TRUSTEE, | : | Adv. Proceeding No. 23-05005 |
| Plaintiff, | : | |
| v. | : | |
| GREENWICH LAND, LLC and HING CHI NGOK, | : | **JURY TRIAL DEMANDED** |
| Defendants. | : | |

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES**
**TO THE CHAPTER 11 TRUSTEE'S ADVERSARY COMPLAINT**

Defendants Greenwich Land, LLC ("Greenwich Land") and Hing Chi Ngok ("Ms. Ngok" and together with Greenwich Land, "Defendants"), by their undersigned counsel, Meister Seelig & Fein PLLC, for their answer and affirmative defenses to the Adversary Complaint (ECF 1) filed by the Chapter 11 Trustee (the "Trustee" or "Plaintiff") on March 27, 2023 ("Complaint"), respond as follows:

1.To the extent any response is required to paragraph 1 of the Complaint, which does not plead a fact but rather states Plaintiff's intention, Defendants deny each and every allegation contained in paragraph 1 of the Complaint.

2. Defendants deny each and every allegation contained in paragraph 2 of the Complaint, except Ms. Ngok admits she is married to Debtor Ho Wan Kwok ("Debtor") and Greenwich Land admits that it owns real property in Greenwich, Connecticut.

3. Defendants deny each and every allegation contained in paragraph 3 of the Complaint.

4. Defendants deny each and every allegation contained in paragraph 4 of the Complaint.

5. Paragraph 5 of the Complaint states a legal conclusion for which no response is required. Defendants further reserve their right to seek withdrawal of the reference and hereby demand a trial by jury before the United States District Court, including pursuant to *Stern v. Marshall*, 131 S. Ct. 2594 (2011).

6. Paragraph 6 of the Complaint states a legal conclusion for which no response is required. Defendants further reserve their right to seek withdrawal of the reference and hereby demand a trial by jury before the United States District Court, including pursuant to *Stern v. Marshall*, 131 S. Ct. 2594 (2011).

7. Defendants admit the allegation contained in paragraph 7 of the Complaint.

8. Defendants deny each and every allegation contained in paragraph 8 of the Complaint, except Defendants admit that Greenwich Land is a Delaware limited liability company with a registered office located at 3411 Silverside Road, Tatnall Building #104, Wilmington, Delaware 19810 and an agent for service located at Corporate Creations Network Inc., 3411 Silverside Road Tatnall Building Suite 104, Wilmington, Delaware 19810 and Defendants admit that, in its Application for Employer Identification Number, Greenwich Land listed its mailing address as 162 East 64th Street, New York, New York 10065 as of July 3, 2019.

9.  Defendants admit the allegations contained in paragraph 9 of the Complaint, except deny Plaintiff's characterization that Ms. Ngok's status as sole member of Greenwich Land is "Purported."

10. Defendants deny each and every allegation contained in paragraph 10 of the Complaint.

11. Defendants deny each and every allegation contained in paragraph 11 of the Complaint, except Defendants admit that Debtor Ho Wan Kwok ("Debtor") was recently arrested.

12. Defendants deny knowledge or information sufficient to respond to the allegations contained in paragraph 12 of the Complaint, none of which are factual allegations concerning Defendants.

13. Defendants deny knowledge or information sufficient to respond to the allegations contained in paragraph 13 of the Complaint, none of which are factual allegations concerning Defendants. To the extent Plaintiff purports to base this paragraph on one or more court orders, those orders speak for themselves and Plaintiff has not pleaded them accurately or completely.

14. Defendants deny knowledge or information sufficient to respond to the allegations contained in paragraph 14 of the Complaint, none of which are factual allegations concerning Defendants. To the extent Plaintiff purports to base this paragraph on one or more court orders, those orders speak for themselves and Plaintiff has not pleaded them accurately or completely.

15. Defendants deny knowledge or information sufficient to respond to the allegations contained in paragraph 15 of the Complaint, none of which are factual allegations concerning Defendants. To the extent Plaintiff purports to base this paragraph on one or more court orders, those orders speak for themselves and Plaintiff has not pleaded them accurately or completely.

16. Defendants deny knowledge or information sufficient to respond to the allegations contained in paragraph 16 of the Complaint, none of which are factual allegations concerning Defendants.

17. Defendants deny knowledge or information sufficient to respond to the allegations contained in paragraph 17 of the Complaint, none of which are factual allegations concerning Defendants, except that Defendants admit that Debtor was recently arrested.

18. Paragraph 18 of the Complaint does not state factual allegations, and therefore no response is required. To the extent any response is required, Defendants deny each and every allegation contained in paragraph 18 of the Complaint.

19. Defendants admit the allegations contained in paragraph 19 of the Complaint.

20. Defendants deny knowledge or information sufficient to respond to the allegations contained in paragraph 20 of the Complaint.

21. Defendants deny knowledge or information sufficient to respond to the allegations contained in paragraph 21 of the Complaint, except Defendants admit that the corporate documents of Greenwich Land state that Ms. Ngok, Yvette Wang, Max Krasner, and Daniel Podhaskie have served as officers of Greenwich Land.

22. Defendants deny knowledge or information sufficient to respond to the allegations contained in paragraph 22 of the Complaint insofar as the allegation concerns Plaintiff creating a chart based on his counsel's review of corporate records.

23. Defendants deny each and every allegation contained in paragraph 23 of the Complaint, but note that Ms. Ngok remains a member of Greenwich Land.

24. Defendants admit the allegations contained in paragraph 24 of the Complaint.

25. Defendants admit the allegations contained in paragraph 25 of the Complaint. Defendants further state that Ms. Ngok is the sole member of Greenwich Land.

26. Defendants deny knowledge or information sufficient to respond to the allegations contained in paragraph 26 of the Complaint.

27. Defendants deny each and every allegation contained in paragraph 27 of the Complaint, except Defendants admit that Ms. Ngok testified in a deposition under a Federal Rule of Bankruptcy Procedure 2004, the transcript of which speaks for itself.

28. Defendants deny each and every allegation contained in paragraph 28 of the Complaint, except Defendants admit that Greenwich Land's Application for Employee Identification Number lists 162 East 64th Street, New York, New York as its mailing address as of July 3, 2019.

29. Defendants deny knowledge or information sufficient to respond to the allegations contained in paragraph 29 of the Complaint.

30. Defendants deny each and every allegation contained in paragraph 30 of the Complaint, except Defendants admit that Ms. Ngok testified in a deposition under a Federal Rule of Bankruptcy Procedure 2004, the transcript of which speaks for itself.

31. Defendants admit the allegations contained in paragraph 31 of the Complaint.

32. Defendants deny each and every allegation contained in paragraph 32 of the Complaint, except that Defendants deny knowledge or information sufficient to respond to the allegations contained insofar as they allege an investigation by the Trustee.

33. Defendants deny knowledge or information sufficient to respond to the allegations contained in paragraph 33 of the Complaint, except Defendants admit that Whitman Breed

represented Greenwich Land in connection with the Ferncliff Road Property and that Max Krasner executed the engagement letter.

34. Defendants deny each and every allegation contained in paragraph 34 of the Complaint, except Defendants admit that Ms. Margaret Conboy testified in a deposition under a Federal Rule of Bankruptcy Procedure 2004, the transcript of which speaks for itself.

35. Defendants deny each and every allegation contained in paragraph 35 of the Complaint, except Defendants admit that Ms. Margaret Conboy testified in a deposition under a Federal Rule of Bankruptcy Procedure 2004, the transcript of which speaks for itself.

36. Defendants deny each and every allegation contained in paragraph 36 of the Complaint, except Defendants admit that Ms. Margaret Conboy testified in a deposition under a Federal Rule of Bankruptcy Procedure 2004, the transcript of which speaks for itself.

37. Defendants deny knowledge or information sufficient to respond to the allegations contained in paragraph 37 of the Complaint, except accept admit that Greenwich Land was not represented by Whitman Breed in connection with the purchase the Taconic Road Property.

38. Defendants deny each and every allegation contained in paragraph 38 of the Complaint.

39. Defendants deny each and every allegation contained in paragraph 39 of the Complaint, except Defendants admit that Ms. Margaret Conboy testified in a deposition under a Federal Rule of Bankruptcy Procedure 2004, the transcript of which speaks for itself.

40. Defendants deny each and every allegation contained in paragraph 40 of the Complaint, except admit that Max Krasner executed transaction documents in connection with the purchase of the Taconic Road Property.

41. Defendants deny each and every allegation contained in paragraph 41 of the Complaint, except admit that Plaintiff attaches a purported email as exhibit 41 to the Complaint, a copy of which speaks for itself.

42. Defendants deny each and every allegation contained in paragraph 42 of the Complaint, except Defendants admit that the Taconic Road Property is a residence and not an income producing property.

43. Defendants admit the allegation contained in paragraph 43 of the Complaint.

44. Defendants deny each and every allegation contained in paragraph 44 of the Complaint, except admit that Exhibits 42 and 43 to the Complaint are copies of bank statements, the contents of which speak for themselves.

45. Defendants deny each and every allegation contained in paragraph 44 of the Complaint, except admit that Exhibits 44 and 45 to the Complaint are copies of bank statements, the contents of which speak for themselves.

46. Defendants deny each and every allegation contained in paragraph 46 of the Complaint, except admit that Plaintiff has attached a copy of an Indictment to the Complaint, a copy of which speaks for itself.

47. Defendants admit the allegation contained in paragraph 47 of the Complaint.

48. Defendants admit that Debtor has resided at the Taconic Road Property, but deny knowledge or information sufficient to otherwise respond to paragraph 48 of the Complaint.

49. Defendants deny knowledge or information sufficient to respond to paragraph 49 of the Complaint, except admit that Debtor appears to have submitted a declaration the contents of which speak for themselves.

50. Defendants deny each and every allegation contained in paragraph 50 of the Complaint, except admit that Plaintiff has attached account records as exhibits to the Complaint, copies of which speak for themselves.

51. Defendants deny knowledge or information sufficient to respond to the allegations contained in paragraph 51 of the Complaint, none of which are factual allegations concerning Defendants.

52. Defendants deny each and every allegations contained in paragraph 52 of the Complaint, except Defendants deny knowledge or information sufficient to respond to the second sentence of paragraph 52, none of which are factual allegations concerning Defendants and the third sentence of paragraph 52 states a legal conclusion for which no response is required and is otherwise denied except insofar as Plaintiff has attached a copy of a Restraining Notice the contents of which speak for themselves.

53. Defendants deny knowledge or information sufficient to respond to the allegations contained in paragraph 53 of the Complaint, except admit that Greenwich Land produced bank records to the Trustee and Ms. Ngok testified in a deposition under Federal Rule of Bankruptcy Procedure 2004, the transcript of which speaks for itself.

54. Defendants deny knowledge or information sufficient to respond to the allegations contained in paragraph 54 of the Complaint, except admit that Debtor was deposed, the transcript of which speaks for itself.

55. Defendants deny each and every allegation contained in paragraph 55 of the Complaint.

56. Defendants deny each and every allegation contained in paragraph 56 of the Complaint.

## FIRST CLAIM

**(Declaratory Judgment that Greenwich Land is the Debtor's Alter Ego and Ordering Turnover of Greenwich Land's Assets to Trustee)**

57. Defendants repeat and reallege their responses contained in paragraphs 1 through 56 above as if fully set forth and repeated herein.

58. Paragraph 58 of the Complaint states a legal conclusion for which no response is required.

59. Paragraph 59 of the Complaint states legal conclusions and argument for which no response is required.

60. Defendants deny each and every allegation contained in paragraph 60 of the Complaint.

61. Defendants deny knowledge or information sufficient to respond to the allegations contained in paragraph 61 of the Complaint.

62. Defendants deny each and every allegation contained in paragraph 62 of the Complaint.

## SECOND CLAIM

**(Declaratory Judgment that Debtor is Equitable Owner of Greenwich Land and Ordering Turnover of Ownership of Greenwich Land to Trustee)**

63. Defendants repeat and reallege their responses contained in paragraphs 1 through 56 above as if fully set forth and repeated herein.

64. Defendants deny each and every allegation contained in paragraph 64 of the Complaint.

65. Defendants deny knowledge or information sufficient to respond to the allegations contained in paragraph 65 of the Complaint.

66. Defendants deny each and every allegation contained in paragraph 66 of the Complaint.

## AFFIRMATIVE DEFENSES

In identifying the defenses set forth below, Defendants do not relieve Plaintiff of proving under the appropriate standard of proof all elements of the claims that Plaintiff alleges. Defendants do not undertake any burdens that properly rest upon Plaintiff, and do not suggest either that Plaintiff does not bear the burden of proof as to such matters or that such matters are not elements that Plaintiff must establish in order to make out a prima facie case against Defendants. These defenses are set forth cumulatively and in the alternative.

### First Affirmative Defense

The Complaint is barred, in whole and/or in part, because Plaintiff fails to state a claim against Defendants upon which relief can be granted.

### Second Affirmative Defense

The Complaint is barred in whole and/or in part, because Plaintiff lacks standing and/or capacity to bring any claims against Defendants.

### Third Affirmative Defense

The Complaint is barred, in whole and/or in part, based on the doctrines of laches, estoppel and/or waiver.

### Fourth Affirmative Defense

The Complaint is barred, in whole and/or in part, by the doctrine of *in pari delicto* and/or the *Wagoner* rule because, among other things, the acts of Plaintiff's predecessors, agents and representatives (including Debtor) are imputed to Plaintiff.

**Fifth Affirmative Defense**

The Complaint is barred in whole and/or in part, because Plaintiff lacks standing and/or capacity to seek, and the Court lacks jurisdiction to grant, relief sought by Plaintiff against Defendants in this Adversary Proceeding.

**Sixth Affirmative Defense**

The Complaint is barred in whole and/or in part, because the relief sought by Plaintiff is not appropriate.

**RESERVATION OF RIGHTS**

Defendants expressly reserve the right to amend and/or supplement this Answer and Affirmative Defenses, and all other pleadings. Defendants reserve the right to assert all other defenses that may be revealed during the course of discovery or other investigation.

**CONCLUSION**

**WHEREFORE**, Defendants respectfully request judgment as follows:

(a) Dismissing Plaintiff's Complaint, in its entirety, with prejudice; and
(b) Such other and further relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendants hereby demand trial by jury in this action of all issues so triable in the United States District Court.

**DEFENDANTS DO NOT CONSENT TO
THE REFERENCE TO THE BANKRUPTCY COURT**

Defendants do not consent to trial before the Bankruptcy Court, and demand a trial by jury in the District Court. Defendants do not consent to entry of final orders or judgment by the District Court. Defendants expressly reserve their right to have final orders entered only after *de novo* review by a District Court Judge, to trial by jury in any proceeding so triable in this case or any case, controversy

or proceeding, and to have the District Court withdraw the reference in any matter subject to mandatory and/or discretionary withdrawal.

Dated: May 9, 2023
      Stamford, Connecticut

**MEISTER SEELIG & FEIN PLLC**

By: */s/ Christopher J. Major*
    Christopher J. Major, Esq.
    Austin D. Kim, Esq.
125 Park Avenue, 7th Floor
New York, NY 10017
Tel: (212) 655-3500
Email: cjm@msf-law.com
       adk@msf-law.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of May, 2023, I caused the foregoing to be filed and served on all appearing parties in this Adversary Proceeding via the Court's Electronic Case Filing System.

By: */s/ Christopher J. Major*
    Christopher J. Major, Esq.